UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RHONDA ELSTON,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | ) | Cause No. 1:22-cv-00630-RLY-MPB |

**JOINT PROPOSED CASE MANAGEMENT PLAN**

Pursuant to the Court's Order of May 3, 2022, and Fed. R. Civ. P. 26(f), a meeting was held on June 8, 2022 and was attended by Melissa A. Davidson on behalf of Plaintiff Rhonda Elston ("Plaintiff") and Iwana Rademaekers on behalf of Defendant The Lincoln National Life Insurance Company ("Defendant"), and the Parties discussed the nature and basis of their remaining claims and defenses, the possibility of settlement or resolution of this case, and a proposed discovery plan. After conferring, counsel for the parties have agreed upon the following:

## I. Parties and Representatives

A. **Plaintiff:** Rhonda Elson, Plaintiff
**Defendant:** The Lincoln National Life Insurance Company

B. Counsel:

| **For the Plaintiff:** | **For Defendant:** |
|---|---|
| Melissa A. Davidson<br>Hankey Law Office<br>429 E. Vermont Street, Suite 200<br>Indianapolis, IN 46202<br>(317) 496-0790<br>(317) 634-9818<br>mdavidson@hankeylaw.com | Iwana Rademaekers<br>Admitted Pro Hac Vice<br>Law Offices of Iwana Rademaekers, P.C.<br>17304 Preston Road, Suite 800<br>Dallas, Texas 75252<br>Main: (214) 579-9319<br>Fax: (469) 444-6456<br>iwana@rademaekerslaw.com |

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II. Jurisdiction and Statement of Claims

A. The Parties agree that this Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1332(e) and (f).

B. **Plaintiff's Statement:** Plaintiff was a participant in an ERISA governed welfare benefit plan established and maintained by her employer, Subaru of Indiana Automotive, Inc., to provide long term disability benefits to eligible employees. Said plan was funded by a policy of insurance issued by Defendant, The Lincoln National Life Insurance Company. Plaintiff filed a claim for disability benefits under the insurance policy and was initially granted benefits. Plaintiff alleges that termination of her claim for benefits was wrongful and in contravention of the terms of the plan. Accordingly, Plaintiff seeks the recovery of benefits due under the policy plus interest, costs, and attorneys' fees. Plaintiff also seeks any such other further or different relief as may be just and proper under 29 U.S.C. §1132(a)(1)(B) and 29 U.S.C. §1132(g).

C. **Defendant's Statement:** Defendant denies the general allegations of Plaintiff's Complaint and, in response, states that Defendant properly adjudicated Plaintiff's claim for long-term disability benefits pursuant to the terms and conditions of the applicable Plan documents. Specifically, Defendant contends that its consideration of the relevant medical information, among other evidence, revealed that Plaintiff did not meet the Plan's definition of disability. Defendant also states that its claims decision was in accordance with the Plan's provisions, legally correct, and neither arbitrary nor capricious.

## III. Pretrial Pleadings and Disclosures

A. Defendant has already produced to Plaintiff a copy of the ERISA administrative record. The parties agree that this production will satisfy the requirement for Initial Disclosures for both parties pursuant to FRCP 26(a)(1)(B).

B. The parties will not submit witness or exhibit lists because the case will be submitted for decision via dispositive briefs on the merits. As this is an ERISA benefits case, the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and briefing schedule. Accordingly, the parties propose the deadlines in Section IV below in lieu of the deadlines requested in a standard schedule.

C. Plaintiff served Defendant with a demand on May 5, 2022. Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto by June 17, 2022.

D. Any otherwise discoverable electronically stored information generated as part of the claim process has been produced as part of the claim file, and disclosure or discovery of any other information in the nature of ESI can be handled in accordance with the Federal Rules of Civil Procedure.

## IV. Discovery and Dispositive Motions

A. As stated above, this is an ERISA benefits case and the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and briefing schedule. To facilitate the submission of the case to the Court, the parties propose the following deadlines in lieu of the deadlines requested in a standard schedule:

1. October 7, 2022 - Deadline to Complete Discovery.
2. November 4, 2022 - Deadline to file Stipulated Administrative Record.
3. December 9, 2022 - Deadline for Plaintiff to File Motion for Summary Judgment.
4. 28 days thereafter- Deadline for Defendant to Respond.
5. 21 days thereafter - Deadline for Plaintiff's Response.
6. 21 days thereafter – Deadline for Defendant's Reply.

B. As this is an ERISA benefits case, Defendant believes no discovery beyond the Administrative Record is appropriate. Plaintiff reserves the right to seek conflict of interest discovery. The parties anticipate that discovery can be reasonably completed on or before October 7, 2022.

## V. <u>Pre-Trial/Settlement Conferences</u>

The parties recommend a settlement conference in September 2022.

## VI. <u>Trial Date</u>

In the unlikely event that the parties do not resolve the case through settlement or cross motions for summary judgment, the earliest date by which this case should reasonably be ready for trial after due consideration of such motions is May 31, 2023. As jury trials are not available under ERISA, the parties will request a bench trial and anticipate that it will take 8-12 hours to present the evidence in this case. However, the parties propose the deadlines in Section IV above in lieu of the deadlines requested in a standard schedule.

## VII. <u>Referral to Magistrate Judge</u>

At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

## VIII. <u>Other Matters</u>

None.

Respectfully submitted this 10th day of June 2022.

Respectfully submitted,

HANKEY LAW OFFICE

/s/ Melissa A. Davidson
Melissa A. Davidson

429 E. Vermont Street, Suite 200
Indianapolis, IN 46202
(317) 496-0790
(317) 634-9818
mdavidson@hankeylaw.com

ATTORNEYS FOR PLAINTIFF

**AND**

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

/s/ Iwana Rademaekers

Iwana Rademaekers
Admitted *Pro Hac Vice*
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY