UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RHONDA ELSTON,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Cause No. 1:22-cv-00630-RLY-MPB |

**ORDER ON**
**CASE MANAGEMENT PLAN**

## I. Parties and Representatives

A. **Plaintiff:** Rhonda Elson, Plaintiff
**Defendant:** The Lincoln National Life Insurance Company

B. Counsel:

**For the Plaintiff:**
Melissa A. Davidson
Hankey Law Office
429 E. Vermont Street, Suite 200
Indianapolis, IN 46202
(317) 496-0790
(317) 634-9818
mdavidson@hankeylaw.com

**For Defendant:**
Iwana Rademaekers
Admitted Pro Hac Vice
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
iwana@rademaekerslaw.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II. Jurisdiction and Statement of Claims

A. The Parties agree that this Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1332(e) and (f).

B. **Plaintiff's Statement:** Plaintiff was a participant in an ERISA governed welfare benefit plan established and maintained by her employer, Subaru of Indiana Automotive, Inc., to provide long term disability benefits to eligible employees. Said plan was funded by a policy of insurance issued by Defendant, The Lincoln National Life Insurance Company. Plaintiff filed a claim for disability benefits under the insurance policy and was initially granted benefits. Plaintiff alleges that termination of her claim for benefits was wrongful and in contravention of the terms of the plan. Accordingly, Plaintiff seeks the recovery of benefits due under the policy plus interest, costs, and attorneys' fees. Plaintiff also seeks any such other further or different relief as may be just and proper under 29 U.S.C. §1132(a)(1)(B) and 29 U.S.C. §1132(g).

C. **Defendant's Statement:** Defendant denies the general allegations of Plaintiff's Complaint and, in response, states that Defendant properly adjudicated Plaintiff's claim for long-term disability benefits pursuant to the terms and conditions of the applicable Plan documents. Specifically, Defendant contends that its consideration of the relevant medical information, among other evidence, revealed that Plaintiff did not meet the Plan's definition of disability. Defendant also states that its claims decision was in accordance with the Plan's provisions, legally correct, and neither arbitrary nor capricious.

## III. Pretrial Pleadings and Disclosures

A. Defendant has already produced to Plaintiff a copy of the ERISA administrative record. The parties agree that this production will satisfy the requirement for Initial Disclosures for both parties pursuant to FRCP 26(a)(1)(B).

B. The parties will not submit witness or exhibit lists because the case will be submitted for decision via dispositive briefs on the merits. As this is an ERISA benefits case, the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and briefing schedule. Accordingly, the parties propose the deadlines in Section IV below in lieu of the deadlines requested in a standard schedule.

C. Plaintiff served Defendant with a demand on May 5, 2022. Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto by June 17, 2022.

D. Any otherwise discoverable electronically stored information generated as part of the claim process has been produced as part of the claim file, and disclosure or discovery of any other information in the nature of ESI can be handled in accordance with the Federal Rules of Civil Procedure.

**IV. <u>Discovery and Dispositive Motions</u>**

A. As stated above, this is an ERISA benefits case and the parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and briefing schedule. To facilitate the submission of the case to the Court, the parties propose the following deadlines in lieu of the deadlines requested in a standard schedule:

1. October 7, 2022 - Deadline to Complete Discovery.
2. November 4, 2022 - Deadline to file Stipulated Administrative Record.
3. December 9, 2022 - Deadline for Plaintiff to File Motion for Summary Judgment.
4. 28 days thereafter- Deadline for Defendant to Respond.
5. 21 days thereafter - Deadline for Plaintiff’s Response.
6. 21 days thereafter – Deadline for Defendant’s Reply.

B. As this is an ERISA benefits case, Defendant believes no discovery beyond the Administrative Record is appropriate. Plaintiff reserves the right to seek conflict of interest discovery. The parties anticipate that discovery can be reasonably completed on or before October 7, 2022.

**V. <u>Pre-Trial/Settlement Conferences</u>**

The parties recommend a settlement conference in September 2022.

**VI. <u>Trial Date</u>**

In the unlikely event that the parties do not resolve the case through settlement or cross motions for summary judgment, the earliest date by which this case should reasonably be ready for trial after due consideration of such motions is May 31, 2023. As jury trials are not available under ERISA, the parties will request a bench trial and anticipate that it will take 8-12 hours to present the evidence in this case. However, the parties propose the deadlines in Section IV above in lieu of the deadlines requested in a standard schedule.

**VII. <u>Referral to Magistrate Judge</u>**

At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

**VIII. <u>Other Matters</u>**

None.

Respectfully submitted this 10th day of June 2022.

Respectfully submitted,

HANKEY LAW OFFICE

/s/ Melissa A. Davidson
Melissa A. Davidson

429 E. Vermont Street, Suite 200
Indianapolis, IN 46202
(317) 496-0790
(317) 634-9818
mdavidson@hankeylaw.com

ATTORNEYS FOR PLAINTIFF

**AND**

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

/s/ Iwana Rademaekers

Iwana Rademaekers
Admitted *Pro Hac Vice*
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

****************************************************************************

| | |
|---|---|
| X | PARTIES APPEARED BY COUNSEL ON **JUNE 17, 2022** FOR A PRETRIAL CONFERENCE. |
| X | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY ______________ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _______________ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY ______________ MONTHS. |
| X | DISCOVERY DEADLINE SHALL BE **OCTOBER 7, 2022**. |
| | THIS MATTER IS SET FOR TRIAL BY____________________ON ____________. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR __________________AT___.M., ROOM__. |
| | A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR ______________________. **The information needed by counsel to participate in this telephonic conference will be provided by a separate notification.** |

| | |
|---|---|
| X | A **VIRTUAL** SETTLEMENT CONFERENCE IS SET IN THIS CASE FOR **SEPTEMBER 20, 2022 AT 10:00 A.M. (EDT).** PARTIES SHALL APPEAR:<br><br>______X________ VIRTUALLY VIA ZOOM. **THE INFORMATION NEEDED BY PARTIES TO PARTICIPATE IN THIS CONFERENCE WILL BE PROVIDED BY A SEPARATE NOTIFICATION.** |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **DECEMBER 9, 2022**. |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

Dated: June 21, 2022

Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**

## SETTLEMENT CONFERENCES BEFORE
## U.S. MAGISTRATE JUDGE MATTHEW P. BROOKMAN

**This matter is set for a virtual settlement conference before Magistrate Judge Matthew P. Brookman.** Unless excused by order of the court, clients or client representatives with complete authority to negotiate and consummate a settlement shall attend the settlement conference along with their counsel. With respect to corporate, governmental, and other organizational entities, an authorized client representative with authority to negotiate and communicate a settlement must appear at the settlement conference along with their counsel. Any insurance company that is a party, or is contractually required to defend or indemnify any party, in whole or in part, must have a fully authorized settlement representative present at the conference. Such representative must have final settlement authority to commit the company to pay, **in the representative's own discretion,** an amount within the policy limits, or up to the plaintiff's last demand, whichever is lower. Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order. The purpose of this requirement is to have in attendance a representative who has both the authority to exercise his or her own discretion, and the realistic freedom to exercise such discretion without negative consequences, in order to settle the case during the settlement conference without consulting someone else who is not present. Under no circumstances will counsel of record be deemed to be the proper client representative for settlement purposes.

Client representatives for all parties must have final settlement authority without consulting someone else who is not present. This means that parties should not need or expect to contact others, who are not present at the conference, to discuss or modify settlement authority. If such a person exists who would need to be consulted, that party must be present at the settlement conference. The Court recognizes that for some corporate and governmental entities, and a limited number of other organizational entities with multi-layered approval procedures, additional approvals may be required to formally approve a settlement. However, parties and their counsel in these limited situations must exercise all possible good faith efforts to ensure that the representative(s) present at the settlement conference provides the maximum feasible authority and the best possible opportunity to resolve the case. No other persons are permitted to attend the settlement conference without leave of Court.

**Three business days before the scheduled conference, the parties shall submit (not file)**

**to the Magistrate Judge a confidential settlement statement** setting forth a brief statement of: (1) relevant facts, including any key facts that the party believes are admitted or in dispute; (2) damages, including any applicable back pay, mitigation, compensatory and/or punitive damages, or any other special damages; and (3) any pending or anticipated dispositive or other substantive motions. **The confidential settlement statement should not exceed five, double-spaced pages, and submission of exhibits should be kept to a minimum.**

**No later than fourteen days prior to the settlement conference, Plaintiff(s) shall serve an updated settlement demand on Defendant(s), who shall serve an updated response no later than seven days before the settlement conference. The parties shall submit (not file) to the Magistrate Judge courtesy copies of their respective demand and response at the time of service.** Counsel may submit confidential settlement statements and copies of their settlement demand/response to Chambers via email (mpb_settlement@insd.uscourts.gov).

A request to vacate or continue the settlement conference or otherwise depart from this order shall be done by motion filed with the Court **two weeks** prior to the conference, except in exigent circumstances. Such motion will be granted only for good cause. Failure to comply with any of the provisions in this order may result in sanctions.

**You are reminded of your obligation under Local Rule 16.1(c) which states: "Prior to all court conferences, counsel shall confer to prepare for the conference."**